FILED

2018 JAN 16 AM 9: 50

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE FOSTER,

    Plaintiff,

vs.                                     Case No.: 8:18 cv 101 T24 JSS

DAVE SCHMITT ENGINEERING, INC., a
Florida Company; and DAVE SCHMITT,
Individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, CHRISTINE FOSTER, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, sues Defendants, DAVE SCHMITT ENGINEERING, INC., and DAVE SCHMITT (collectively, "Defendants"), and alleges:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2.     Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3.     Plaintiff, CHRISTINE FOSTER, resides in Orange County, Florida and worked for Defendants in this Judicial District during the applicable statute of limitations.



1

4. At all times material hereto Defendant, DAVE SCHMITT ENGINEERING, INC., is a Florida Profit Corporation, authorized and doing business in this Judicial District.

5. Defendant, DAVE SCHMITT, (hereinafter, "Shankar") was an officer, director, manager, owner, and/or operator of Defendant, DAVE SCHMITT ENGINEERING, and had direct responsibility and control over the compensation paid to employees of the organization and other employment decisions.

6. At all times material herein, Plaintiff was a non-exempt employee of Defendants, pursuant to 29 U.S.C. § 203(e)(1).

7. Defendants are employers within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

8. Plaintiff, CHRISTINE FOSTER, was employed with Defendant for several weeks in October 2017 as an Administrative Permitting Manager. Plaintiff earned approximately $17.00 per hour.

9. During her employment with Defendants, Plaintiff was required to attend mandatory out of office functions as a term and condition of her employment, such as Kiwanis Club and other meetings, for which she was not, and would not, be paid.

10. Plaintiff objected to Defendants' failure to compensate her for attending mandatory out of office events, and was immediately terminated in retaliation for doing so.

11. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
### (Fair Labor Standard Act)

12. Plaintiff realleges paragraphs one (1) through eleven (11) as though set forth fully herein.

13. The employment of Plaintiff provided for a forty (40) hour work week, but throughout her respective employment, Plaintiff was required to work and did work a number of hours in excess of forty (40) hours per work week.

14. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

15. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

16. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, CHRISTINE FOSTER, respectfully request all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem

just and proper.

## COUNT II - Retaliation
### (Fair Labor Standard Act)

17. Plaintiff realleges paragraphs one (1) through eleven (11) as though set forth fully herein.

18. Plaintiff, CHRISTINE FOSTER, was terminated from her employment with Defendants as a direct result of, and in retaliation for, reporting and opposing the above described unlawful conduct.

19. The above described actions of Defendants constitute a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

20. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation.

21. As a result of Defendants' unlawful acts against Plaintiff, she has and will continue to incur attorneys' fees and costs.

WHEREFORE, Plaintiff, CHRISTINE FOSTER, demands a trial by jury against Defendants for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorneys' fees and costs, and any other damages allowable by law.

## DEMAND FOR JURY TRIAL

22. Plaintiff requests a jury trial on all issues so triable.

Dated this 11th day of January, 2018.

                        FLORIN GRAY BOUZAS OWENS, LLC

                        s/ Miguel Bouzas

**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary:       miguel@fgbolaw.com
Secondary:   gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:       wolfgang@fgbolaw.com
Secondary:   tina@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*